Whitehead, J.
I am not willing to disturb the verdict on the ground that it is against evidence. The daughter testified to the illicit connexion in the house of her mother before the intermarriage of the latter with Harrison and the birth of the child after such marriage. It is however, insisted as a reason for setting aside the verdict, that the character of the daughter was proved to be such, as rendered her entirely unworthy of credit. According to the testimony of the defendant’s witnesses, she was a girl of loose character. But the case shows she was quite young, only seventeen years of age at the time of the seduction and a girl of weak mind. Besides, these witnesses show by their own testi *178 mony, that they were engaged with the defendant in the scenes of debauchery and obscenity to which they have testified, as affecting their character. Having been instrumental in polluting her mind, the defendant should not now be permitted to plead his own baseness and that of his guilty associates, as an excuse or palliation for the injury done to the mother. The jury were to judge what credit, if any, was due to the testimony of men, who, while testifying to the loose character of this young, weak minded girl, proved their own repeated acts of licentiousness and crime with her. Upon the principles settled by this court, in the case of Taylor v. Vanderveer, 4 Harrison 22, I do not think we can interfere with the verdict. The other reasons assigned for a new trial are not supported by the evidence in the case.
The defendant has also moved in arrest of judgment upon the grounds previously stated.
The declaration contains three counts, all charging the trespass to have been committed before the intermarriage of the plaintiffs. The two first counts claim damages for the loss of service sustained by the mother before her marriage; and by the last count, damages are claimed for loss of service by the husband, and expenses incurred by him in her lying in after his marriage. In these cases of trespass, the breaking and entering the plaintiff’s house is technically the foundation of the action. The seduction of the daughter, and getting her with child and the consequent loss of service, are laid by way of aggravation inter alia enorma. The trespass in this ease having been committed before the intermarriage of the mother with Harrison, it was necessary they should join in bringing the action. The action being rightly brought, and the two first counts being without objection, the question is, whether the claim for damages in the last count by Harrison in his own right, furnishes sufficient grounds to arrest the judgment. In 1 Chitty pl. 62, it is said, that in actions by husband and wife, for an injury to the wife, “ care must be taken not to include in the declaration, any statement of a cause of action for which the husband alone ought to sue.” According to this rule, the declaration would have been bad on demurrer. But it does not follow, that it will not be sustained after verdict. The several counts are all for the same trespass. Entire damages having been given, and there being *179 no evidence that application was made to the court, by the defendant, to instruct the jury to disregard the faulty count, the verdict by our statute is good and effectual in law, Elm. Dig. 269, sec. 21.
Independently however, of the statute, the motion in my opinion should be denied. We are not furnished with the charge of the judge to the jury, and do not know what instruction, if any, he gave them in reference to the claim of damages under the third count. In the absence of proof, the intendment of law is, that he did not receive any evidence of this claim. In Russell et ux. v. Corne, 1 Salk. 119, ihe plaintiffs sued for the battery, &c., of the wife, per quod the husband’s business remained undone. After verdict there was a motion in arrest of judgment. The court however said, they would not intend the judge suffered that to be given in evidence, and the plaintiff had judgment. See also, 2 Strange 1094; 11 Mod. 264. In Lewis et ux. v. Babcock, 18 Johnson 443, the declaration, after stating the trespass and injury to the wife, added, that he (the husband) was thereby deprived of the comfort, &c., of his wife, and laid out and expended largo sums of money, &c. The defendant pleaded not guilty. A verdict having been found for the plaintiffs, the defendant moved in arrest of judgment, on the ground, that the declaration contained a substantive cause of action for the husband alone, material to the damages and which ought not to have been joined with the assault and battery of the wife. The court were of opinion, that although the objection would have prevailed upon demurrer, yet that it was not good after verdict, and add, “ It seems, after verdict, that where there is a proper cause of action in the wife, though circumstances are added, which are actionable by the husband only, the declaration is good by husband and wife; and the additional circumstances are only regarded as matter of aggravation.”
In my opinion the plaintiffs are entitled to judgment on the verdict.

Judgment for the plaintiff.